UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**   CRIMINAL ACTION NO. 2:08-00229

**ERIC BENJAMIN BOLTON**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On November 18, 2019, the United States of America appeared by Joshua C. Hanks, Assistant United States Attorney, and the defendant, Eric Benjamin Bolton, appeared in person and by his counsel, David O. Schles, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Patrick M. Fidler. The defendant commenced a forty-eight (48) month term of supervised release in this action on May 10, 2017, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on January 16, 2015.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed a controlled substance as evidenced by a positive urine sample submitted by him on May 17, 2017, for marijuana, and admitted to the probation officer that he smoked one "joint" on May 10, 2017; (2) on September 11, 2017, by letter to the address of record for the defendant, the probation officer directed him to report to the probation office on September 18, 2017, which he failed to do, and on September 19, 2017, the probation officer left a card on the defendant's front door directing him to report to the probation office on September 25, 2017, at which time he again failed to appear; (3) the defendant failed to notify the probation officer of a change in his employment in that on August 8, 2017, the probation officer attempted to visit the defendant at a local men's shelter where he was reported to be working and was informed that the defendant was terminated approximately one month prior due to failing to show for work; (4) the defendant failed to notify the probation officer of a change in his residence in that on August 15, 2017, the

2

defendant left a voicemail for the probation officer advising that he was staying in Amandaville (in Kanawha County) but did not leave an address and the probation officer attempted to call the defendant on multiple occasions and made multiple attempts to locate him with no success, it being further noted that on February 5, 2018, the defendant was found to have leased an apartment located in Scott Depot, Putnam County, West Virginia; (5) on May 18, 2019, the defendant was arrested by the Eastchester, New York, Police Department and on July 10, 2019, pled guilty to one count of the misdemeanor offense of possession of a forged instrument in the Eastchester Town Court and was sentenced to 6 months of imprisonment; and (6) the defendant did not have permission from the court or the probation officer to be in New York state or in any place outside the Southern District of West Virginia; all as set forth in the petition on supervised release and the amendment thereto and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously

imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant has engaged in multiple breaches of trust as stated above and, after less than three months, has absconded from supervision for a period of nearly two years, warranting a sentence of imprisonment well above the guideline range of 8 to 14 months and should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWENTY FOUR (24) MONTHS, to be followed by a one (1) year term of supervised release upon the same terms and standard conditions as heretofore.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: November 20, 2019

_____
John T. Copenhaver, Jr.
Senior United States District Judge